108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Wayne WASHINGTON, Plaintiff-Appellant,
v.
Dr. Arnold ILLMAN, International Paralympics Committee, John
Does # 1 thru # 10, The Last 10 Names Being Fictitious and
Intended to be the Executors, Administrators and Governing
Body of the International Paralympics Committee, Defendants-Appellees.
 No. 96-7874.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 APPEARING FOR APPELLANT: WAYNE WASHINGTON, pro se, Roslyn Heights, New York
 APPEARING FOR APPELLEES: Jack M. Weinstein, Great Neck, New York
 PRESENT: JOHN M. WALKER, Jr., JOSEPH M. McLAUGHLIN, HARLINGTON WOOD, Jr.,* Circuit Judges.
 SUMMARY ORDER
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Platt, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-Appellant Wayne Washington appeals from an order granting the motion of defendants Dr. Arnold Illman, International Paralympics Committee, and others (collectively "IPC") for summary judgment and dismissing appellant's remaining claims for failure to state a claim upon which relief could be granted.
 
 
 3
 The IPC is the organizational counterpart for disabled persons to the International Olympic Organization. It is an international member organization representing disability groups. Appellant objects to an IPC rule amendment that prohibited any power-lifting competitor from competing if they have more than twenty-degree loss of extension of their elbow. Appellant has a twenty-nine degree loss of extension and therefore may not participate under the new rule.
 
 
 4
 Appellant alleged that the amended rule was a violation under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12182(a) and 12132. Appellant also asserted a breach of contract claim. The district court granted the appellees' motion with respect to the ADA claim and dismissed the remaining claims.
 
 
 5
 Appellant does not assert that the district court erred in granting summary judgment. Instead, appellant argues that the court erred when it refused to permit him to discharge his attorney. He contends that he wanted to appear before the court pro se and amend his complaint to allege a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 792 et seq. This Act prohibits discrimination against persons with disabilities by any program or activity receiving federal assistance.
 
 
 6
 Appellant states in his brief that "[t]he Court denied plaintiff's request [to discharge his attorney]." Appellant's Brief at 5. There is no evidence to support this statement. First, the district court opinion granting summary judgment and dismissing the remaining claims states:
 
 
 7
 The Court notes that when the parties appeared for argument of this motion on May 31, 1996, plaintiff's counsel, Robert J. Pellicane, Esq., informed the Court that his client no longer wished Mr. Pellicane to represent him. It was decided on the record that Mr. Pellicane would continue to represent plaintiff for the pendency of the instant motion.
 
 
 8
 The appellant's correspondence with the district court confirms the district court's statement. In a letter dated May 31, 1996 and filed with the district court, appellant wrote:
 
 
 9
 Per our conference in your courtroom on May 31, 1996, as I understand it, Mr. Pellicane will only represent me for the purpose of the pending summary judgment motion, and then will be relieved as my counsel.
 
 
 10
 In addition, in a letter dated June 12, 1996 appellant wrote to Judge Platt:
 
 
 11
 At the last hearing on May 31, 1996 it is my understanding that my current attorney, Robert Pellicane will only be serving me at my Summary Judgment Hearing and then will be release[d]. I would like to request the court in assisting me in finding an attorney who will take my case on a pro bono bas[is].
 
 
 12
 Appellant also requests that we direct the district court to grant him leave to amend his complaint. This argument is meritless. First, a motion to amend the complaint was never made in the district court. It is well settled that we generally do not consider an issue raised for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976) (exceptions to general rule are left to discretion of appellate court); Rodick v. Schenectedy, 1 F.3d 1341, 1347 (2d Cir.1993). Second, a plaintiff that raises a claim under the Rehabilitation Act bears the initial burden of establishing a prima facie case. To satisfy the burden, the plaintiff must show that he is disabled within the meaning of the Act, that he has been denied a benefit for which he was qualified and that the benefit is part of a program or activity receiving federal financial assistance. The appellees have denied receiving federal funding and appellant makes no showing to the contrary.
 
 
 13
 We have considered all of appellant's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr. of the United States Court of Appeals for the Seventh Circuit, sitting by designation